UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

March 31, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Brenton W. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0593-CDA

Dear Counsel:

On February 27, 2024, Plaintiff Brenton W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 10, 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 18, 2021, alleging a disability onset of April 1, 2020. Tr. 200-08. Plaintiff's claims were denied initially and on reconsideration. Tr. 115-24, 130-38. On July 20, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41-75. Following the hearing, on October 25, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 21-35. The Appeals Council denied Plaintiff's request for review, Tr. 11-14, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

---

[1] Plaintiff filed this case against the Commissioner of the Social Security Administration, on February 27, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Brenton W. v. Dudek*
Civil No. 24-0593-CDA
March 31, 2025
Page 2

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "engaged in substantial gainful activity during the following periods: April 2020 to March 2021," however, "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity." Tr. 26-27. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar radiculopathy, obesity, asthma, anxiety disorder, posttraumatic stress disorder (PTSD), major depressive disorder, Attention Deficit Hyperactivity Disorder (ADHD), and sphincter dysfunction." Tr. 27. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension, hyperlipidemia, Vitamin D deficiency, and tobacco abuse." Tr. 27-28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 28. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders or scaffolds. He can engage in occasional climbing of ramps and stairs, stooping, kneeling, crouching, crawling, and balancing. He can have no exposure to hazards such as unprotected heights or dangerous machinery. He can have no exposure to atmospheric conditions. He would require access to indoor bathroom facilities. He is limited to understanding and carrying out detailed, but not complex, instructions. He can use judgment to make simple work-related decisions. He cannot perform work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. He can have occasional interaction with supervisors and coworkers, and no interaction with the public.

Tr. 30. The ALJ determined that Plaintiff was unable to perform past relevant work as an Electronics Technician (DOT[3] #003.161-014) but could perform other jobs that existed in

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of*

*Brenton W. v. Dudek*
Civil No. 24-0593-CDA
March 31, 2025
Page 3

significant numbers in the national economy. Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ erred when he found the opinions of the state agency psychological consultants persuasive but failed to explain why several opined limitations were rejected and failed to resolve internal inconsistencies in the state agency opinions. ECF 10, at 10-15. Second, Plaintiff avers that the ALJ's RFC assessment is unsupported by substantial evidence because the ALJ failed to identify the amount of time that Plaintiff would be off task to use the restroom due to his sphincter injury. *Id.*, at 15-18. Defendant counters that there are no conflicts between the ALJ's RFC finding and the prior administrative medical findings, and that the ALJ's decision to not include off-task time for additional bathroom breaks is supported by substantial evidence. ECF 12, at 6-18.

A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "[E]very conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

---

*Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Brenton W. v. Dudek*
Civil No. 24-0593-CDA
March 31, 2025
Page 4

      Here, the ALJ determined at step two that Plaintiff suffered from, among other things, sphincter dysfunction. Tr. 27. The ALJ then considered Plaintiff's testimony that "he had problems with his bowel movements and would have to change clothing often. He said he spent a lot of time changing in the bathroom and that his supervisor often commented on his smell." Tr. 31. Plaintiff further testified that his bowel movement issues "just got worse and worse." Tr. 55. The ALJ found Plaintiff's testimony "not entirely consistent with the medical evidence and other evidence in the record." Tr. 31. In examining the objective evidence, the ALJ noted that Plaintiff had "been diagnosed with significant sphincter injury, which he has had since age 24 when he fell off a ladder." Tr. 32. The ALJ further noted that "[t]he condition is associated with occasional difficulty holding stool at times[,]" but that Plaintiff "managed the condition with absorbent pads and particular types of clothing." Tr. 32. The ALJ observed that Plaintiff's "rectal condition is not associated with external hemorrhoids, nausea, or abdominal pain." Tr. 32. The ALJ concluded that "[d]espite [Plaintiff's] sphincter injury, [Plaintiff] has been able to work with adequate access to bathrooms." Tr. 32. Based on this assessment, the ALJ determined that Plaintiff "would require ready access to indoor bathroom facilities due to his sphincter control impairment." Tr. 32; *see* Tr. 30.

      The Court finds that the ALJ's analysis constitutes harmful error for several reasons. First, the ALJ did not explore how Plaintiff's "need to visit the bathroom many times throughout the day impacts [his] ability to work." *See Dowling*, 986 F.3d at 389. In *Dowling*, the Fourth Circuit held that an ALJ erred where, despite "considerable evidence in the record demonstrating that [the claimant] regularly experienced diarrhea" and other symptoms, the ALJ did not analyze the claimant's need for regular bathroom breaks. *Id.* Because the ALJ failed to "evaluate the frequency at which [the claimant] needed to use the bathroom and analyze how that restriction impacted her ability to work," the Fourth Circuit determined remand to be necessary. *Id.*

      Like the ALJ in *Dowling*, the ALJ here failed to meaningfully evaluate the frequency with which Plaintiff requires the use of a restroom. Instead, the ALJ generally found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms" to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 31. However, the ALJ failed to articulate how Plaintiff's treatment records contradicted his testimony. Specifically, although the ALJ noted that Plaintiff's sphincter condition is managed with absorbent pads and particular types of clothing, Tr. 32 (citing Ex. 7F), the ALJ did not explain how this evidence contradicts Plaintiff's statement that he "was always . . . in the bathroom changing[,]" and that his condition "just got worse and worse[,]" Tr. 55. These inadequacies in the ALJ's analysis "frustrate meaningful review" of the decision, leaving the Court unable to determine whether the RFC, limiting Plaintiff to access to indoor bathroom facilities, adequately accommodates Plaintiff's restroom-related issues. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

      A careful review of the objective evidence of record suggests that while Plaintiff may manage his sphincter disorder with absorbent pads, Plaintiff still may require frequent visits to the restroom. A November 2019 treatment record notes that Plaintiff has "troubles with holding his stool at times" and has diarrhea related to his sphincter injury. Tr. 535-36. Other treatment records

from November 2019, December 2019, March 2020, September 2020, January 2021, February 2021, March 2021, April 2021, May 2021, June 2021, July 2021, September 2021, and November 2021 indicate that Plaintiff's sphincter injury affected his "sphincter control" and he must wear absorbent pads.  Tr. 411-13, 422-25, 430-32, 439-42, 448-50, 467, 475, 483, 489, 505, 515, 517-18, 527.  A September 2020 treatment record noted that Plaintiff experiences "fecal soilage" due to his sphincter injury.  Tr. 497-98, 567-68.  A December 2021 treatment record indicates that Plaintiff is "unable to hold gas" due to his sphincter injury, but Plaintiff denied "fecal soilage."  Tr. 554.  Another treatment record from December 2021 took note of Plaintiff's significant sphincter injury and Plaintiff's complaints of rectal bleeding.  Tr. 410, 556.  As such, the Court is unable to meaningfully review the ALJ's conclusion that the evidence failed to support Plaintiff's testimony regarding frequent bathroom usage.  Remand is therefore necessary.  *See Jerome S. v. Kijakazi*, No. AAQ-22-02963, 2023 WL 5570201, at *3 (D. Md. Aug. 29, 2023) (remanding where the ALJ "concluded that [p]laintiff's 'positive symptoms are adequately managed' . . . despite numerous and consistent statements from [p]laintiff and his healthcare providers indicating the contrary").

Moreover, the ALJ's failure to assess the frequency at which Plaintiff needs to use the bathroom may have been harmful.  For example, the vocational expert testified that time off-task "20% and above . . . on a sustained basis" would preclude employment.  Tr. 73-74.  However, Plaintiff testified that he "was always . . . in the bathroom changing[,]" due to his bowel problems and his supervisors' comments about his odor.  Tr. 55.  Given the vocational expert's testimony, an analysis that properly analyzes Plaintiff's frequency for bathroom usage may produce an RFC that precludes Plaintiff from performing jobs existing in the national economy.  The Court finds that remand is necessary to allow the ALJ to conduct a closer examination of how Plaintiff's restroom-related issues affect his RFC and the jobs he can perform.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.  Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.      **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

*Brenton W. v. Dudek*
Civil No. 24-0593-CDA
March 31, 2025
Page 6

                                                Charles D. Austin
                                                United States Magistrate Judge